FILED

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA 98 MAR 24 PM 12: 38
SOUTHERN DIVISION
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| BRENDA HURST, | } |
| Plaintiff, | } |
| v. | } CASE NO. CV 96-B-1701-S |
| E-Z SERVE CORPORATION; E-Z SERVE CONVENIENCE STORES, INC., d/b/a MAJIK MARKET, | } |
| Defendants. | } |

ENTERED
MAR 24 1998

## MEMORANDUM OPINION

Currently before the court is the motion of defendants E-Z Serve Corporation and E-Z Serve Convenience Stores, Inc. ("defendants") for summary judgment. Upon consideration of the record, the submissions of the parties, the argument of counsel, and the relevant law, the court is of the opinion that defendants' motion is due to be granted.

Plaintiff Brenda Hurst ("plaintiff") alleges that defendants terminated her in retaliation for filing a worker's compensation claim. Plaintiff claims that her termination was unlawful and constituted a retaliatory discharge in violation of § 25-5-11.1 of the Alabama Code. Defendants claim that they are entitled to judgment as a matter of law because plaintiff has failed to establish all the elements required in making a claim for retaliatory discharge under § 25-5-11.1. Thus, the issue before the court is whether plaintiff has successfully established the required elements of her retaliatory discharge claim.[1]

---

[1] There was some uncertainty at the hearing on this motion whether plaintiff intended to pursue a claim for the tort of outrage. The court therefore directed plaintiff's counsel to inform defendants by November 5, 1997 if she intended to pursue such a claim. According to defendants,



## SUMMARY JUDGMENT STANDARD

Under FED. R. CIV. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Celotex,* 477 U.S. at 322-23; *see* FED.R.CIV. P. 56(a) and (b). Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. Rule 56 (c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322.

If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citations omitted); *accord Spence v. Zimmerman*. 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S.

---

plaintiff has not indicated that she intends to pursue a claim for the tort of outrage. Thus, the court concludes that any such claim has been abandoned.

2

at 254; *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255. The nonmovant need not be given the benefit of every inference but only of every reasonable inference. *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## DISCUSSION

Plaintiff claims that defendants violated Alabama's retaliatory discharge statute when they terminated her employment. Section 25-5-11.1 of the Alabama Code states in relevant part: "No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits under this chapter . . . ." Alabama Code § 25-5-11.1(1975).

A plaintiff establishes a *prima facie* case of retaliatory discharge under § 25-5-11.1 by proving:

> that he was 'terminated' because he sought to recover worker's compensation benefits, which would be an impermissible reason.[2] The burden would then shift to the defendant employer to come forward with evidence that the employee was terminated for a legitimate reason, whereupon the plaintiff must prove that the reason was not true but a pretext for an otherwise impermissible

---

[2] This court is of the opinion that this is an odd choice of words. If plaintiff *proves* that he was terminated *because* he sought to recover worker's compensation benefits, that would be the end of the case. It seems more appropriate that the first step in a plaintiff's prima facie case would be for the plaintiff to establish that he or she was terminated after having filed a worker's compensation claim. This would raise an inference that the discharge was for an impermissible reason, that is, in retaliation for having filed a worker's compensation claim. The burden would then shift to the defendant to set forth a legitimate, non-retaliatory reason for the discharge.

3

termination.

*Cheatwood v. Roanoke Industries*, 891 F.Supp. 1528, 1539 (N.D. Ala. 1995) quoting *Twilley v. Daubert Coated Products, Inc.*, 536 So.2d 1364, 1369 (Ala. 1988).

Alabama caselaw imposes an additional requirement on a plaintiff attempting to establish a retaliatory discharge claim under § 25-5-11.1. In bringing a retaliation claim under this statute, a plaintiff must prove as part of her *prima facie* case, that she was "willing and able" to return to her job. This additional requirement was first imposed by the Alabama Court of Civil Appeals in *Consolidated Stores, Inc. v. Gargis*, 686 So.2d 268 (Ala. Civ. App. 1996). The *Gargis* opinion states: "[W]e conclude that an essential element of a retaliatory discharge claim is the plaintiff's willingness and ability to return to work." *Id.* at 273.

The Alabama Court of Civil Appeals has recently clarified this requirement by holding that a plaintiff must prove she is able to perform the functions of her own job and need not be provided with light duty position or any reasonable accommodation. *See Rice v. Bruno's*, 1997 WL 660066 (Ala. Civ. App. October 24, 1997) (employer is not required to provide light duty job for employee unable to perform functions of his own position); *Lambert v. Beverly Enterprises, Inc.*, 695 So.2d 44 (Ala. Civ. App. 1997) (employer not required to provide any reasonable accommodation for employees unable to perform the functions of their position).

Plaintiff is unable to establish her prima facie case because the evidence shows that she was not "willing and able" to return to work at the time she was terminated. In support of their argument that plaintiff was not "willing and able" to return to her job, defendants rely on five statements made by plaintiff under oath in which she asserts that she has not been physically able to return to work since her work related injury. These statements include her deposition

4

testimony, her sworn responses to two sets of interrogatories, and her application for disability benefits to the Social Security Administration.

**Plaintiff's Deposition Testimony.** Plaintiff has testified under oath in her deposition that she is not now, and has not ever been willing and able to work for E-Z Serve since her alleged work-related injury:

> Q. Are you currently capable of being employed?
>
> A. No, sir.
>
> Q. Is there any job at E-Z Serve that you are aware of that you can perform?
>
> A. Not that I'm aware of.
>
> Q. Is it your contention that you are permanently and totally disabled?
>
> A. Yes, sir.

(Defs.' Ex. B.)[3] Later in her deposition testimony, plaintiff again asserts that she is unable to return to work:

> Q. You've already testified to this a number of times. But I'll just ask it again. In fact, you have not been capable of performing any work since the date of your termination?
>
> A. No.

(Defs.' Ex. C.)

Plaintiff also contends that her medical condition has not improved since her alleged work-related injury:

---

[3] Defendants' Exhibits in Support of their Motion for Summary Judgment will be designated "Defs.' Ex.," followed by the appropriate letter.

5

> Q.  You said you went to the emergency [room on the] 26th of May. Since that time, has your back gotten any better?
>
> MR. BOHANAN: Until today's date.
>
> A.  No.

(Defs.' Ex. E.)

**Plaintiff's Interrogatory Responses.**  In her interrogatory responses, plaintiff again asserted that she has been physically unable to work at any time since her alleged work-related injury:

> [First Set of Interrogatories and Plaintiff's Responses]
>
> 6.  Since your separation from employment with Defendant to the present, state the dates of each period in which you actively sought employment, and for each such period, state in detail every reason you ceased actively seeking employment.
>
> 6.  *I have not been physically able to work since I was injured in the course of my employment with the defendants.*
>
> 7.  Describe in detail (including, but not limited to, each date, every person contacted, the nature of the contact, and the result) every effort you have made to secure employment since your separation from employment with Defendant including, but not limited to, every application or resume you submitted to a prospective employer or employment agency, every phone call you made to a prospective employer or employment agency, every visit you made to a prospective employer or employment agency, and any other contact you have had with a prospective employer or employment agency.
>
> 7.  *I have not been physically able to work since I was injured in the course of my employment with the defendants.*
>
> 8.  Since your separation from employment with Defendant to the present, state whether you have declined, resigned, refused or otherwise rejected any opportunity or offer of new or continued employment.
>
> 8.  *I have not been physically able to work since I was injured in the course of my employment with the defendants.*

10. From the time of your separation from employment with Defendant to the present, state the name of each of your employers, the dates you were employed by each employer, your total compensation to date from each employer, and every reason for your separation from each employer.

10. *I have not been physically able to work since I was injured in the course of my employment with the defendants.*

12. From the time of your separation from employment with Defendant to the present, state the dates of each and every period in which you were self-employed, and describe in detail the nature of such self-employment (including, but not limited to, you duties and responsibilities and any changes therein).

12. *I have not been physically able to work since I was injured in the course of my employment with the defendants.*

14. Since your separation from employment with Defendant to the present, state the total amount of all compensation earned from all sources.

14. *I have not been physically able to work since I was injured in the course of my employment with the defendants.*

(Defs.' Ex. H, I.)(emphasis added). More specifically, plaintiff addressed the issue before the court in her responses to defendants' Second Interrogatories:

[Second Set of Interrogatories and Plaintiff's responses]

1. Are you presently physically unable to work?

1. *Yes.*

2. If so, on what date did you first become physically unable to work?

2. *May 24, 1994.*

3. Have you continuously been physically unable to work since the date specified in your answer to the preceding interrogatory?

3. *Yes.*

7

>   5.  Have you been approved for disability payments under an insurance contract or by a government agency?
>
>   5.  *Yes.*
>
>   6.  If so, please state who approved you for disability payments, when you were first approved, and the nature and degree of your disability.
>
>   6.  *Social Security. I was approved in February of 1996, retroactive to August 4, 1994. A copy of my "DECISION" is attached. I believe it is self-explanatory.*

(Defs.' Ex. J, K.)(emphasis added).

**Plaintiff's Social Security Application.** In her application for disability benefits, plaintiff repeatedly asserted to the Social Security Administration that she has been disabled since her alleged work related injury on May 24, 1994. For example, on August 4, 1994, plaintiff signed a statement for the Social Security Administration which states: "I am disabled. The disability began on May 24, 1994." (Defs.' Ex. D.) On August 16, 1994, she again signed a statement for the Administration which states: "Since my injury at work on 5-24-94 I have not been able to lift anything . . . ." (Defs.' Ex. F.)

In his brief in opposition to defendants' motion, plaintiff's counsel argues that plaintiff was confused when she stated that she has not been physically able to work since the date of her injury. Plaintiff, however, has submitted absolutely no evidence raising any question about the clarity of her responses or her competency to make these responses. Instead, plaintiff relies upon excerpts from the deposition of one of her physicians, Dr. Huang, who opined that she would "be much happier" if she could return to work. (Huang Dep. at 53.) However, in his deposition Dr. Huang never offered any opinion whether plaintiff was able to return to her job at the time she

8

was terminated. In fact, plaintiff has not offered any evidence from any source which suggests that she has ever been physically able to return to her position with E-Z Serve.

## CONCLUSION

Plaintiff's sworn testimony that she has been physically unable to perform the functions of her job since the date of her accident is not contradicted by any evidence in the record. As noted above, under Alabama law, plaintiff is required to prove that she is "willing and able" to return to her job as an essential element of her case. Thus, the court concludes that there is no genuine issue of material fact and that defendants are entitled to summary judgment as a matter of law. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 24th day of March, 1998.

_____
SHARON LOVELACE BLACKBURN
United States District Judge